| 2120 Date Not return date scheduled | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

FILED
9/6/2018 1:14 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L009650

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, __LAW__ DIVISION

No. __2018L009650__

BENITO FLORES DELGADO, Ind. and as Spec. Admin. of Est. of JUAN FLORES, Decd.

(Name all parties)

v.

CITY OF CHICAGO, a Municipal Corporation, et al.

PLEASE SERVE:
CITY OF CHICAGO
By Anna M. Valencia, City Clerk
Or Any Authorized Agent
121 N. LaSalle Street, Room 107
Chicago, IL 60602

## SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 46085
Name: O'CONNOR & NAKOS, LTD./Daniel V. O'Connor
Atty. for: PLAINTIFF
Address: 120 N. LASALLE STREET, SUITE 3500
City/State/Zip: CHICAGO, IL 60602
Telephone: (312) 546-8100

WITNESS, _____

9/6/2018 1:14 PM DOROTHY BROWN

9/6/2018

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| 2110 Date Not return date scheduled 2121 - Served | |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

FILED
9/6/2018 1:14 PM
(08/01/08) CCG N001
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L009650

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, ___LAW___ DIVISION

No. __2018L009650__

BENITO FLORES DELGADO, Ind. and as Spec. Admin. of Est. of JUAN FLORES, Decd.

(Name all parties)

v.

CITY OF CHICAGO, a Municipal Corporation, et al.

PLEASE SERVE:
CITY OF CHICAGO
By Anna M. Valencia, City Clerk
Or Any Authorized Agent
121 N. LaSalle Street, Room 107
Chicago, IL 60602

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- [✓] Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602
- [ ] District 2 - Skokie
  5600 Old Orchard Rd.
  Skokie, IL 60077
- [ ] District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008
- [ ] District 4 - Maywood
  1500 Maybrook Ave.
  Maywood, IL 60153
- [ ] District 5 - Bridgeview
  10220 S. 76th Ave.
  Bridgeview, IL 60455
- [ ] District 6 - Markham
  16501 S. Kedzie Pkwy.
  Markham, IL 60426
- [ ] Child Support
  28 North Clark St., Room 200
  Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 46085
Name: O'CONNOR & NAKOS, LTD./Daniel V. O'Connor
Atty. for: PLAINTIFF
Address: 120 N. LASALLE STREET, SUITE 3500
City/State/Zip: CHICAGO, IL 60602
Telephone: (312) 546-8100

WITNESS, _____

9/6/2018 1:14 PM DOROTHY BROWN

9/6/2018

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

12-Person Jury

Attorney ID#46085

FILED
9/6/2018 1:14 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L009650

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| BENITO FLORES DELGADO, Individually and as Special Administrator of the Estate of JUAN FLORES, Deceased<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO; a Municipal Corporation, Chicago Police Officer CLARENCE MCCOY; Chicago Police Officer CHARLES O'CONNOR; Chicago Police Officer RICHARD VITELLARO, Chicago Police Officer JESSE OEINCK<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.    2018L009650<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AT LAW

NOW COMES, BENITO FLORES DELGADO, as Special Administrator of the Estate of JUAN FLORES, Deceased, by and through his attorneys, O'CONNOR & NAKOS, LTD., and complaining of the Defendants, CITY OF CHICAGO, a Municipal Corporation, Chicago Police Officer CLARENCE MCCOY; Chicago Police Officer CHARLES O'CONNOR; Chicago Police Officer RICHARD VITELLARO, Chicago Policy Officer JESSE OEINCK and each of them, states as follows:

### INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of Plaintiff's constitutional rights. This Court has jurisdiction.

1

2. Plaintiff's Decedent, JUAN FLORES, was an individual in the United States. He is represented in this action by BENITO FLORES DELGADO, his adult father and the Special Administrator of the Estate of JUAN FLORES, on behalf of Benito Flores Delgado, individually and on behalf of Eva Cervantes his mother, Rocio Maria Flores, his minor sister, Graciela Flores, his minor sister, Edward Flores, his minor brother and Edwin Flores, his minor brother. BENITO FLORES DELGADO is the duly appointed Special Administrator of Plaintiff's Estate.

3. Defendants, Chicago Police Officer CLARENCE MCCOY ("MCCOY"), Chicago Police Officer CHARLES O'CONNOR ("O'CONNOR"), Chicago Police Officer JESSE OEINCK ("OEINCK") and Chicago Police Officer, RICHARD VITELLARO ("VITELLARO"), were at all times material hereto, duly appointed Chicago Police Officers employed by the CITY OF CHICAGO acting in the capacity of sworn law enforcement officials.

4. Defendant, the CITY OF CHICAGO (the "CITY") is, and at all times material hereto was a municipal corporation duly organized and existing under the laws of the State of Illinois, located in Cook County, Illinois.

**FACTUAL SUMMARY**

5. On September 10, 2017 JUAN FLORES called 911 for help because the father of his girlfriend had a gun and had punched JUAN FLORES in the face.

6. Officers MCCOY and O'CONNOR arrived at or about 928 N. Kedvale Avenue, Chicago, Illinois 60651 in response to the dispatch.

7. JUAN FLORES was in his vehicle in the street. JUAN FLORES' keys had been taken from him by someone at the 928 N. Kedvale address.

8. Officer O'CONNOR went inside the residence to look for JUAN FLORES' keys. Officer MCCOY brought JUAN FLORES and others into the yard to look for JUAN FLORES'

2

keys. While looking for the keys, the father of the girlfriend of JUAN FLORES told Officer MCCOY that JUAN FLORES was drunk and should not be allowed to drive and that he would report Officer MCCOY unless he took action.

9. MCCOY spoke to JUAN FLORES' father, BENITO FLORES DELGADO on the telephone and told him that JUAN FLORES was drunk and that he should not drive. BENITO FLORES DELGADO told MCCOY that he was on his way there to get JUAN FLORES.

10. The keys were found and brought to Officer MCCOY. MCCOY instructed that the keys be put on the ground. MCCOY instructed JUAN FLORES, who MCCOY knew was intoxicated, to pick up the car keys. MCCOY then walked JUAN FLORES out to the car. MCCOY watched while JUAN FLORES got into the vehicle and drove away.

11. After MCCOY got his partner O'CONNOR, they did not follow JUAN FLORES, nor did they notify other officers on the radio that they had just directed an intoxicated, fearful teenager to pick-up his car keys, escorted him out to the car and watched him drive away.

12. MCCOY and O'CONNOR even had a discussion between themselves that they should not have let JUAN FLORES drive off.

13. The preceding events were caught on audio and video through MCCOY's body camera.

14. Plaintiff's vehicle was seen with no headlights by Officers VITELLARO and JESSE OEINCK.

15. Officers VITELLARO and OEINCK chased and pursued JUAN FLORES into a dead-end lot next to JUAN FLORES' house and did not seal off the lot with their vehicle. As Plaintiff backed out of the lot, Officer OEINCK shot JUAN FLORES multiple times and killed him.

3

16. JUAN FLORES did not have a gun. Juan Flores' sister witnessed the shooting.

17. The CITY, through the Chicago Police Department, and COPA, and pursuant to various Chicago Police Department policies and procedures, conducted a purported investigation of the shooting of JUAN FLORES and continue to do so.

18. The purported investigation of the shooting of JUAN FLORES as conducted by the Chicago Police Department, pursuant to the policies and procedures of the Chicago Police Department is believed to be still under investigation.

## COUNT I

1-18. Plaintiff realleges paragraphs 1 through 18, as if fully set forth at this point.

19. The acts of the Defendants, VITELLARO and OEINCK, were a deliberate and malicious deprivation of Plaintiff's Decedent, JUAN FLORES' Constitutional rights as guaranteed to the Plaintiff's Decedent by the Fourth Amendment to the Constitution and made applicable to the states by the Fourteenth Amendment.

20. The acts of Officers MCCOY and O'CONNOR were a deliberate and malicious deprivation of Plaintiff's Decedent, JUAN FLORES' Constitutional rights.

21. BENITO FLORES DELGADO, Individually and as Special Administrator of the Estate of JUAN FLORES, Deceased, brings this action pursuant to the Illinois Wrongful Death Act.

WHEREFORE, Plaintiff, BENITO FLORES DELGADO, an Special Administrator of the Estate of JUAN FLORES, Deceased, asks judgment against Defendants, OEINCK, VITELLARO, MCCOY, O'CONNOR and the CITY and for an award of compensatory damages in a sum sufficient to compensate the Plaintiff for the death of JUAN FLORES; for an award of

4

punitive damages in an amount sufficient to deter future misconduct; together with an award of reasonable attorney's fees and the cost of this action.

## COUNT II
## (Wrongful Death)

1-21. Plaintiff re-alleges paragraphs 1 through 22 of Plaintiff's complaint, as if fully set forth at this point.

22. That on September 10, 2017 and for some time prior thereto, there was in full force and effect in the State of Illinois a certain Act, commonly known as the Wrongful Death Act, 740 ILCS 180/1-2, inclusive, which provided in pertinent part as follows:

> Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to felon. (740 ILCS 180/1)

> Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person. (740 ILCS 180/2)

23. That BENITO FLORES DELGADO, the father of JUAN FLORES, has been appointed Special Administrator of the Estate of JUAN FLORES on behalf of himself, Eva Cervantes, his mother, Rocio Maria Flores, his minor sister, Graciela Flores, his minor sister, Edward Flores, his minor brother and Edwin Flores, his minor brother for the purpose of prosecuting this action.

5

24. That JUAN FLORES, deceased, left surviving him, his father BENITO FLORES DELGADO, Eva Cervantes, his mother, Rocio Maria Flores, his minor sister, Graciela Flores, his minor sister, Edward Flores, his minor brother and Edwin Flores, his minor brother who as a consequence of said acts or omissions of the Defendants, suffered pecuniary injuries including but not limited to society, companionship, felicity, guidance, attention, advice, training, instruction.

WHEREFORE, the Plaintiff, BENITO FLORES DELGADO, as Special Administrator of the Estate of JUAN FLORES, Deceased, demands judgment be entered against Defendants, OEINCK, VITELLARO, MCCOY, O'CONNOR and the CITY, for an award of punitive damages in an amount sufficient to deter future misconduct in a dollar amount sufficient to compensate the **Plaintiff's** together with the costs of this suit.

## COUNT III
### (City of Chicago)

1-24. Plaintiff realleges paragraph 1 through 26, as if fully set forth at this point.

25. The Chicago Police Department (the "Department") is a subsidiary division of Defendant, the CITY OF CHICAGO. The CITY maintains and exercises exclusive control over the Department, its policies and procedures, as well as the conduct of all of its employees, including Defendants, OEINCK, VITELLARO, MCCOY and O'CONNOR, and their supervisors.

26. The Defendant, CITY, through its subsidiary the Chicago Police Department, has established certain policies and procedures which were adopted and promulgated through the actions and inactions of senior and intermediate supervising officers of the Chicago Police Department, and were thereby ratified by the CITY.

27. At the time of this occurrence and prior thereto, there existed within the Chicago Police Department policies and procedures which result in the failure or refusal of the Chicago

6

Police Department to properly and legitimately investigate the use of deadly force by sworn Chicago Police Officers against civilian citizens of Chicago.

28. The failure or refusal of the Chicago Police Department to properly and legitimately investigate the use of deadly force by sworn Chicago Police Officers, and the resulting failure of the Chicago Police Department to properly discipline its officers for the illegal use of excessive force, is the proximate cause of frequent injuries to and the death of civilian citizens, including Plaintiff's Decedent, JUAN FLORES.

29. At the time of this occurrence and prior thereto, the CITY, through the Chicago Police Department, utilized the Detective Division to ostensibly investigate incidents in which Chicago Police Officers, including fellow members of the Detective Division, use deadly force resulting in death or great bodily injury to civilian citizens. The investigation by Chicago Police Detectives and other Police personnel of the use of deadly force by other Chicago Police Officers, including members of the Detective Division, creates a transparent conflict of interest which improperly influences the investigative process and the decisions that flow therefrom.

30. As a part of its policy or custom of failing to properly or legitimately investigate the use of deadly force by Chicago Police Officers, the Department commonly classifies as "justified" the use of deadly force by Chicago Police Officers under facts and circumstances in which a citizen using deadly force under the same circumstances, would have been charged criminally for the very conduct which is deemed "justified" when committed by a Chicago Police Officer.

31. A principal facet of the unlawful policies and customs employed by the CITY is the fact that in many, if not all material respects, the Chicago Police Department investigates the

7

use of deadly force differently, and far less stringently, when a Chicago Police Officer is the one using deadly force, then when it investigates the use of deadly force by a civilian citizen.

32. The manner in which the purported investigation of the use of deadly force by Defendants, OEINCK, VITELLARO, MCCOY and O'CONNOR, was conducted, its representatives of the disparity in investigations of the use of deadly force by police officers as compared with investigations of the use of deadly force by citizens. Examples of the disparity in the method and manner of the investigation include the following:

> (a) Despite the fact that Defendants, MCCOY and O'CONNOR had Plaintiff's Decedent who did not have keys to drive and JUAN FLORES was instructed by police to pick up his keys and escorted by police to his car knowing he was afraid and intoxicated and watched JUAN FLORES drive away and that Police Officers MCCOY and O'CONNOR never allowed or notified other police in the area. Despite the fact that OEINCK and VITELLARO chased JUAN FLORES down and shot him when JUAN FLORES had no gun.
>
> (b) It is believed that the police never presented the evidence obtained from their investigation to the States Attorney's Office for an independent evaluation and for consideration of potential criminal charges against Defendants, OEINCK, VITELLARO, MCCOY and O'CONNOR, as is always done in a shooting by a civilian citizen.

33. The failure and refusal by the CITY, through the Department, to properly and legitimately investigate the use of deadly force by sworn Chicago Police Officers, signals a tolerance by the CITY of the improper use of deadly force by Chicago Police Officers, and constitutes a deliberate indifference by the CITY to such conduct.

8

34. By its policies of non-feasance and deliberate indifference in the aforementioned areas, the CITY, through the Chicago Police Department, let it be known to its supervisors and officers, such as Defendants, OEINCK, VITELLARO, MCCOY and O'CONNOR, that the CITY, condoned ratified and, by virtue thereof encouraged, the unwarranted and illegal use of deadly force by said officers.

35. The failure and refusal by the CITY, through the Department, to investigate the use of deadly force by sworn Chicago Police Officers in the same manner and form, and subject to the same standards, as those used by the Department in its investigations of the use of such force by civilian citizens, creates unwarranted and illegal favored treatment for a class of citizens, Chicago Police Officers, as compared with the treatment afforded civilian citizens.

36. The acts and omissions of the Defendant, the CITY, through the policies and procedures implemented by the Chicago Police Department, were a deliberate and malicious deprivation of JUAN FLORES' Constitutional rights as guaranteed to the Plaintiff's Decedent by the Fourth Amendment to the Constitution and made applicable to the states by the Fourteenth Amendment.

37. As a direct and proximate cause of the wrongful acts of Defendant, CITY, JUAN FLORES, suffered great bodily injury, which resulted in his death.

WHEREFORE, Plaintiff, BENITO FLORES DELGADO, as Special Administrator of the Estate of JUAN FLORES, Deceased, asks judgment against the CITY and for an award of compensatory damages in a sum sufficient to compensate the Plaintiff for the death of JUAN FLORES; together with an award of reasonable attorneys' fees and the cost of this action, and such other equitable relief as this Honorable Court deems necessary and just.

## COUNT IV
### (State Law Claim: Indemnification)

1-37. Plaintiff re-alleges and incorporate paragraphs 1 through 39 above as if fully stated herein.

38. In Illinois, public entities are directed to pay any tort judgments for compensatory damages for which employees are liable for conduct committed within the scope of their employment activities. 735 ILCS10/9-102.

39. The Defendants, OEINCK, VITELLARO, MCCOY and O'CONNOR, were employees of the CITY and, at all times relevant hereto, was acting within the scope of his employment as a sworn police officer when he committed the misconduct described herein.

40. Defendant, the CITY, is thereby liable for any sum awarded to Plaintiff for compensatory damages, fees and costs, for misconduct alleged herein.

WHEREFORE, BENITO FLORES DELGADO, as Special Administrator of the Estate of JUAN FLORES, Deceased, demands judgment be entered against Defendants, the CITY, in a dollar amount awarded to Plaintiff for compensatory damages, pursuant to its statutory obligation to indemnify Defendants, OEINCK, VITELLARO, MCCOY and O'CONNOR.

Respectfully submitted,

*/s/ Daniel V. O'Connor*

One of Plaintiff's Attorneys

DANIEL V. O'CONNOR
**O'CONNOR & NAKOS, LTD.**
120 N. LaSalle Street, 35th Floor
Chicago, IL 60602
(312) 546-8100
(312) 546-8101 - fax

10

Attorney ID#46085

21405/DVO
FILED
9/6/2018 1:14 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L009650

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

BENITO FLORES DELGADO, Individually )
and as Special Administrator of the Estate of )
JUAN FLORES, Deceased )
)
         Plaintiff, )
)
v.            ) Case No.    2018L009650
)
CITY OF CHICAGO, et al. )
)
         Defendants. )

### RULE 222 AFFIDAVIT

  I, Daniel V. O'Connor, being first duly sworn on oath, deposes and states that if I were called upon to testify, I would do so as follows:

1. That I am an attorney at law licensed to practice in the State of Illinois.

2. That I am a Partner with the law firm of O'Connor & Nakos, Ltd., attorneys of record for the Plaintiff, BENITO FLORES DELGADO.

3. That based upon the information available to me at the present time, the total amount of money damages sought in this matter exceeds $50,000.00.

4. That this Affidavit is submitted in compliance with Supreme Court Rule 222(b).

FURTHER, Affiant sayeth not.

                 _____
                  DANIEL V. O'CONNOR

SUBSCRIBED AND SWORN TO
before me this _6th_ day
of _September_ 2018.

_____
Notary Public

"OFFICIAL SEAL"
LINDA AUGLE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3/14/2021