Attorney #6209658                                                                    21405/DVO

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

BENITO FLORES DELGADO, Individually )
and as Special Administrator of the Estate of )
JUAN FLORES, Deceased )
)
)
Plaintiff, )
) Case No. 18 CV 06378
v. )
)
CITY OF CHICAGO; a Municipal )
Corporation, Chicago Police Officer )
CLARENCE MCCOY; Chicago Police )
Officer CHARLES O'CONNOR; Chicago )
Police Officer RICHARD VITELLARO, )
Chicago Police Officer JESSE OEINCK )
)
Defendants. )

### FIRST AMENDED COMPLAINT AT LAW

NOW COMES, BENITO FLORES DELGADO, as Special Administrator of the Estate of JUAN FLORES, Deceased, by and through his attorneys, O'CONNOR & NAKOS, LTD., and complaining of the Defendants, CITY OF CHICAGO, a Municipal Corporation, Chicago Police Officer CLARENCE MCCOY; Chicago Police Officer CHARLES O'CONNOR; Chicago Police Officer RICHARD VITELLARO, Chicago Police Officer JESSE OEINCK and each of them, states as follows:

### INTRODUCTION

1.  This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of Plaintiff's decedent's constitutional rights. This Court has jurisdiction.

1

2. Plaintiff's Decedent, JUAN FLORES, was an individual in the United States. He is represented in this action by BENITO FLORES DELGADO, his adult father and the Special Administrator of the Estate of JUAN FLORES, on behalf of Benito Flores Delgado, individually and on behalf of Eva Cervantes his mother, Rocio Maria Flores, his minor sister, Graciela Flores, his minor sister, Edward Flores, his minor brother and Edwin Flores, his minor brother. BENITO FLORES DELGADO is the duly appointed Special Administrator of Plaintiff's Estate.

3. Defendants, Chicago Police Officer CLARENCE MCCOY ("MCCOY"), Chicago Police Officer CHARLES O'CONNOR ("O'CONNOR"), Chicago Police Officer JESSE OEINCK ("OEINCK") and Chicago Police Officer, RICHARD VITELLARO ('VITELLARO"), were at all times material hereto, duly appointed Chicago Police Officers employed by the CITY OF CHICAGO acting in the capacity of sworn law enforcement officials.

4. Defendant, the CITY OF CHICAGO (the "CITY") is, and at all times material hereto was a municipal corporation duly organized and existing under the laws of the State of Illinois, located in Cook County, Illinois.

## FACTUAL SUMMARY

5. On September 10, 2017, JUAN FLORES called 911 for help because the father of his girlfriend had a gun and had punched JUAN FLORES in the face.

6. Officers MCCOY and O'CONNOR arrived in uniform in a marked Chicago Police vehicle at or about 928 N. Kedvale Avenue, Chicago, Illinois 60651 in response to the 911 call.

7. JUAN FLORES was seated in his vehicle in the street when Officers MCCOY and O'CONNOR arrived.

8. JUAN FLORES' keys had been taken from him by someone at the 928 N. Kedvale address, so he did not have keys for his vehicle in his possession when the police arrived.

9. Officer O'CONNOR went inside the residence to look for JUAN FLORES' keys.

10. Officer MCCOY directed and required JUAN FLORES and others to go with Officer MCCOY into the yard to look for JUAN FLORES' CAR keys.

11. While looking for the car keys, the father of the girlfriend of JUAN FLORES told Officer MCCOY that JUAN FLORES was drunk. The father of the girlfriend of JUAN FLORES also told Officer MCCORY that JUAN FLORES should not be allowed to drive and that he would report Officer MCCOY unless he took action.

12. MCCOY spoke to JUAN FLORES' father, BENITO FLORES DELGADO on the telephone and Officer MCCOY told BENITO FLORES DELGADO that JUAN FLORES was drunk and that he should not drive.

13. BENITO FLORES DELGADO told MCCOY that he was on his way there to get JUAN FLORES.

14. Officer MCCOY was informed and/or made aware that Plaintiff's decedent was underage for consuming alcohol and was intoxicated by alcohol.

15. The keys were found and brought to Officer MCCOY.

16. MCCOY instructed that the keys be put on the ground.

17. MCCOY instructed and directed JUAN FLORES, who MCCOY had admittedly been aware that JUAN FLORES was intoxicated, to pick up the car keys.

18. MCCOY then escorted JUAN FLORES out to the street and car where MCCOY watched while JUAN FLORES got into the vehicle and drove away with no headlights on in darkness.

19. McCoy did not stop JUAN FLORES from entering the vehicle, starting the vehicle or pulling away in the vehicle.

20. MCCOY and his partner O'CONNOR, did not follow JUAN FLORES, nor did they notify other officers on the radio, that they had just directed an intoxicated, fearful teenager to pick-up his car keys, escorted him out to the car and watched him drive away.

21. MCCOY and O'CONNOR were caught on audio and video having a discussion between themselves indicating that they should not have escorted JUAN FLORES to his car so JUAN FLORES would drive off.

22. The preceding events discussed in the paragraphs above were willful and wanton and lead to the injury and death of JUAN FLORES and were caught on audio and video through MCCOY's body camera.

23. Plaintiff's vehicle was seen driving with no headlights by Officers VITELLARO and JESSE OEINCK.

24. Officers VITELLARO and OEINCK followed JUAN FLORES into a dead-end lot next to JUAN FLORES' house and did not seal off the only exit from the lot with their vehicle.

25. As Plaintiff backed out of the lot, Officer OEINCK without justification shot into the car driven by JUAN FLORES hitting JUAN FLORES multiple times, killing him.

26. Video of the above, including the shooting were also captured on video tape from at least the dash board camera in the car occupied by Officers VITELLARO AND OEINCK.

27. JUAN FLORES did not have a gun. Juan Flores' sister witnessed the shooting from her window immediately next door to the vacant lot.

28. Officer OEINCK violated a Chicago Police Department General Order by placing himself in the path of a moving vehicle and not making any effort to move out of the path of the moving vehicle before firing at and into the moving vehicle when the moving vehicle was the only purported threat to the officer or others.

29. The CITY, through the Chicago Police Department, and COPA, and pursuant to various Chicago Police Department policies and procedures, conducted a purported investigation of the shooting of JUAN FLORES and continue to do so.

30. The purported investigation of the shooting of JUAN FLORES as conducted by the Chicago Police Department, pursuant to the policies and procedures of the Chicago Police Department is believed to be still under investigation. The audio and video tapes of the above events are believed to be in the possession of the Chicago Police Department and COPA.

## COUNT I

1-30. Plaintiff realleges paragraphs 1 through 30, as if fully set forth at this point.

31. The acts of the Defendants, VITELLARO and OEINCK, were a deliberate and malicious, willful and wanton deprivation of Plaintiff's Decedent, JUAN FLORES' Constitutional rights as guaranteed to the Plaintiff's Decedent by the Fourth Amendment to the Constitution and made applicable to the states by the Fourteenth Amendment.

32. The acts of Officers MCCOY and O'CONNOR were a deliberate and malicious, willful and wanton deprivation of Plaintiff's Decedent, JUAN FLORES' Constitutional rights.

5

33. BENITO FLORES DELGADO, Individually and as Special Administrator of the Estate of JUAN FLORES, Deceased, brings this action pursuant to the Illinois Wrongful Death Act.

WHEREFORE, Plaintiff, BENITO FLORES DELGADO, an Special Administrator of the Estate of JUAN FLORES, Deceased, asks judgment against Defendants, OEINCK, VITELLARO, MCCOY, O'CONNOR and the CITY OF CHICAGO and for an award of compensatory damages in a sum sufficient to compensate the Plaintiff for the death of JUAN FLORES; for an award of punitive damages in an amount sufficient to deter future misconduct; together with an award of reasonable attorney's fees and the cost of this action.

## COUNT II
### (Wrongful Death)

1-33. Plaintiff re-alleges paragraphs 1 through 33 of Plaintiff's complaint, as if fully set forth at this point.

34. That on September 10, 2017 and for some time prior thereto, there was in full force and effect in the State of Illinois a certain Act, commonly known as the Wrongful Death Act, 740 ILCS 180/1-2, inclusive, which provided in pertinent part as follows:

> Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to felon. (740 ILCS 180/1)
>
> Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such

6

death, to the surviving spouse and next of kin of such deceased person. (740 ILCS 180/2)

35. That BENITO FLORES DELGADO, the father of JUAN FLORES, has been appointed Special Administrator of the Estate of JUAN FLORES on behalf of himself, Eva Cervantes, his mother, Rocio Maria Flores, his minor sister, Graciela Flores, his minor sister, Edward Flores, his minor brother and Edwin Flores, his minor brother for the purpose of prosecuting this action.

36. That JUAN FLORES, deceased, left surviving him, his father BENITO FLORES DELGADO, Eva Cervantes, his mother, Rocio Maria Flores, his minor sister, Graciela Flores, his minor sister, Edward Flores, his minor brother and Edwin Flores, his minor brother who as a consequence of said acts or omissions of the Defendants, suffered pecuniary injuries including but not limited to society, companionship, felicity, guidance, attention, advice, training, instruction.

WHEREFORE, the Plaintiff, BENITO FLORES DELGADO, as Special Administrator of the Estate of JUAN FLORES, Deceased, demands judgment be entered against Defendants, OEINCK, VITELLARO, MCCOY, O'CONNOR and the CITY, for an award of punitive damages in an amount sufficient to deter future misconduct in a dollar amount sufficient to compensate the **Plaintiff's** together with the costs of this suit.

## COUNT III
### (City of Chicago)

1-36. Plaintiff realleges paragraph 1 through 36, as if fully set forth at this point.

37. The Chicago Police Department (the "Department") is a subsidiary division of Defendant, the CITY OF CHICAGO. The CITY maintains and exercises exclusive control over the Department, its policies and procedures, as well as the conduct of all of its employees, including Defendants, OEINCK, VITELLARO, MCCOY and O'CONNOR, and their supervisors.

38. The Defendant, CITY, through its subsidiary the Chicago Police Department, has established certain policies and procedures which were adopted and promulgated through the actions and inactions of senior and intermediate supervising officers of the Chicago Police Department, and were thereby ratified by the CITY.

39. At the time of this occurrence and prior thereto, there existed within the Chicago Police Department policies and procedures which result in the failure or refusal of the Chicago Police Department to properly and legitimately investigate the use of deadly force by sworn Chicago Police Officers against civilian citizens of Chicago.

40. The failure or refusal of the Chicago Police Department to properly and legitimately investigate the use of deadly force by sworn Chicago Police Officers, and the resulting failure of the Chicago Police Department to properly discipline its officers for the illegal use of excessive force, is the proximate cause of frequent injuries to and the death of civilian citizens, including Plaintiff's Decedent, JUAN FLORES.

41. At the time of this occurrence and prior thereto, the CITY, through the Chicago Police Department, utilized the Detective Division to ostensibly investigate incidents in which Chicago Police Officers, including fellow members of the Detective Division, use deadly force resulting in death or great bodily injury to civilian citizens. The investigation by Chicago Police Detectives and other Police personnel of the use of deadly force by other Chicago Police Officers, including members of the Detective Division, creates a transparent conflict of interest which improperly influences the investigative process and the decisions that flow therefrom.

42. As a part of its policy or custom of failing to properly or legitimately investigate the use of deadly force by Chicago Police Officers, the Department commonly classifies as "justified" the use of deadly force by Chicago Police Officers under facts and circumstances in

which a citizen using deadly force under the same circumstances, would have been charged criminally for the very conduct which is deemed "justified" when committed by a Chicago Police Officer.

43. A principal facet of the unlawful policies and customs employed by the CITY is the fact that in many, if not all material respects, the Chicago Police Department investigates the use of deadly force differently, and far less stringently, when a Chicago Police Officer is the one using deadly force, then when it investigates the use of deadly force by a civilian citizen.

44. The manner in which the purported investigation of the use of deadly force by Defendants, OEINCK, VITELLARO, and the willful and wanton acts of MCCOY and O'CONNOR, that unnecessarily lead to the use of deadly force was conducted, its representatives of the disparity in investigations of the use of deadly force by police officers as compared with investigations of the use of deadly force by citizens. Examples of the disparity in the method and manner of the investigation include the following:

(a) Despite the fact that Defendants, MCCOY and O'CONNOR had Plaintiff's Decedent who did not have keys to drive and JUAN FLORES was instructed by police to pick up his keys and escorted by police to his car knowing he was afraid and intoxicated and watched JUAN FLORES drive away and that Police Officers MCCOY and O'CONNOR never alerted or notified other police in the area of the type of vehicle or status of JUAN FLORES to de-escalate the situation. Despite the fact that OEINCK and VITELLARO unnecessarily chased JUAN FLORES home and shot him when JUAN FLORES had no gun just steps from his home.

(b) It is believed that the police never presented the evidence and video and audio tapes obtained from their investigation to the States Attorney's Office for an independent evaluation and for consideration of potential criminal charges against Defendants, OEINCK, VITELLARO, MCCOY and O'CONNOR, as is always done in a shooting by a civilian citizen.

45. The failure and refusal by the CITY, through the Department, to properly and legitimately investigate the use of deadly force by sworn Chicago Police Officers, signals a tolerance by the CITY of the improper use of deadly force by Chicago Police Officers, and constitutes a deliberate indifference by the CITY to such conduct.

46. By its policies of non-feasance and deliberate indifference in the aforementioned areas, the CITY, through the Chicago Police Department, let it be known to its supervisors and officers, such as Defendants, OEINCK, VITELLARO, MCCOY and O'CONNOR, that the CITY, condoned ratified and, by virtue thereof encouraged, the unwarranted and illegal use of deadly force by said officers.

47. The failure and refusal by the CITY, through the Department, to investigate the use of deadly force by sworn Chicago Police Officers in the same manner and form, and subject to the same standards, as those used by the Department in its investigations of the use of such force by civilian citizens, creates unwarranted and illegal favored treatment for a class of citizens, Chicago Police Officers, as compared with the treatment afforded civilian citizens.

48. The acts and omissions of the Defendant, the CITY, through the policies and procedures implemented by the Chicago Police Department, were a deliberate and malicious deprivation of JUAN FLORES' Constitutional rights as guaranteed to the Plaintiff's Decedent by

the Fourth Amendment to the Constitution and made applicable to the states by the Fourteenth Amendment.

49. As a direct and proximate cause of the wrongful acts of Defendant, CITY, JUAN FLORES, suffered great bodily injury, which resulted in his death.

WHEREFORE, Plaintiff, BENITO FLORES DELGADO, as Special Administrator of the Estate of JUAN FLORES, Deceased, asks judgment against the CITY and for an award of compensatory damages in a sum sufficient to compensate the Plaintiff for the death of JUAN FLORES; together with an award of reasonable attorneys' fees and the cost of this action, and such other equitable relief as this Honorable Court deems necessary and just.

## COUNT IV
### (State Law Claim: Indemnification)

1-49. Plaintiff re-alleges and incorporate paragraphs 1 through 49 above as if fully stated herein.

50. In Illinois, public entities are directed to pay any tort judgments for compensatory damages for which employees are liable for conduct committed within the scope of their employment activities. 735 ILCS10/9-102.

51. The Defendants, OEINCK, VITELLARO, MCCOY and O'CONNOR, were employees of the CITY and, at all times relevant hereto, was acting within the scope of his employment as a sworn police officer when he committed the misconduct described herein.

52. Defendant, the CITY, is thereby liable for any sum awarded to Plaintiff for compensatory damages, fees and costs, for misconduct alleged herein.

WHEREFORE, BENITO FLORES DELGADO, as Special Administrator of the Estate of JUAN FLORES, Deceased, demands judgment be entered against Defendants, the CITY, in a dollar amount awarded to Plaintiff for compensatory damages, pursuant to its statutory obligation to indemnify Defendants, OEINCK, VITELLARO, MCCOY and O'CONNOR.

Respectfully submitted,

/s/ Daniel V. O'Connor
One of Plaintiff's Attorneys

DANIEL V. O'CONNOR
**O'CONNOR & NAKOS, LTD.**
120 N. LaSalle Street, 35th Floor
Chicago, IL 60602
(312) 546-8100
(312) 546-8101 - fax

Attorney No. 6209658

21405/DVO

# IN THE UNITED STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| BENITO FLORES DELGADO, Individually and as Special Administrator of the Estate of JUAN FLORES, Deceased<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 18 CV 06378<br>)<br>)<br>)<br>)<br>) |

## RULE 222 AFFIDAVIT

I, Daniel V. O'Connor, being first duly sworn on oath, deposes and states that if I were called upon to testify, I would do so as follows:

1. That I am an attorney at law licensed to practice in the State of Illinois.

2. That I am a Partner with the law firm of O'Connor & Nakos, Ltd., attorneys of record for the Plaintiff, BENITO FLORES DELGADO.

3. That based upon the information available to me at the present time, the total amount of money damages sought in this matter exceeds $50,000.00.

4. That this Affidavit is submitted in compliance with Supreme Court Rule 222(b).

FURTHER, Affiant sayeth not.

_____
DANIEL V. O'CONNOR

SUBSCRIBED AND SWORN TO
before me this 29th day
of January 2019.

_____
Notary Public

"OFFICIAL SEAL"
LINDA AUGLE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3/14/2021