UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BENITO FLORES DELGADO, individually and as Special Administrator of the Estate of Juan Flores, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 1:18-cv-06378 |
| v. | ) ) | |
| CITY OF CHICAGO, a Municipal Corporation; Chicago Police Officer CLARENCE McCOY; Chicago Police Officer CHARLES O'CONNOR; Chicago Police Officer RICHARD VITELLARO; and Chicago Police Officer JESSE OEINCK, | ) ) ) ) ) ) | Honorable John F. Kness |
| Defendants. | ) ) | |

**OEINCK'S ANSWER TO**
**SECOND AMENDED COMPLAINT**

Defendant, Jesse Oeinck, by and through one of his attorneys, Jordan F. Yurchich, hereby submits the following answer, affirmative defenses, and jury demand to plaintiff's second amended complaint:

**ANSWER**

**Introduction**

1. This is an action for civil damages brought pursuant to 42 U.S.C. § 1983 for the deprivation of Plaintiff's decedent's constitutional rights.

**ANSWER:** Officer Oeinck admits this action is brought pursuant to section 1983, but denies engaging in any misconduct or wrongdoing.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**ANSWER:** Officer Oeinck admits this Court has jurisdiction.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** Officer Oeinck admits venue is proper in this district.

**Parties**

4. Plaintiff's Decedent, Juan Flores, was an individual in the United States. He is represented in this action by Benito Flores Delgado, his adult father and the Special Administrator of the Estate of Juan Flores, on behalf of Benito Flores Delgado, individually and on behalf of Eva Cervantes his mother, Rocio Maria Flores, his minor sister, Graciela Flores, his minor sister, Edward Flores, his minor brother and Edwin Flores, his minor brother. Benito Flores Delgado is the duly appointed Special Administrator of Plaintiff's Estate.

**ANSWER:** Officer Oeinck admits Juan Flores was, at all relevant times, an individual in the United States, but lacks knowledge or information sufficient to form a belief regarding the remaining allegations contained in this paragraph.

5. Defendants, Chicago Police Officer Clarence McCoy ("McCoy"), Chicago Police Officer Charles O'Connor ("O'Connor"), Chicago Police Officer Jesse Oeinck ("Oeinck") and Chicago Police Officer, Richard Vitellaro ("Vitellaro"), were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

**ANSWER:** Officer Oeinck admits that he and Officer Vitellaro were, at all relevant times, police officers employed by the City of Chicago and were acting as sworn law enforcement officers. Answering further, Officer Oeinck lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph.

6. Defendant, the City of Chicago (the "City") is, and at all times material hereto was a municipal corporation duly organized and existing under the laws of the State of Illinois, located in Cook County, Illinois.

**ANSWER:** Officer Oeinck admits the allegations contained in this paragraph.

**Factual Summary**

7. On September 10, 2017 Juan Flores called 911 for help because the father of his girlfriend had a gun and had punched Juan Flores in the face.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

8. Officers McCoy and O'Connor arrived in uniform in a marked Chicago Police vehicle at or about 928 N. Kedvale Avenue, Chicago, Illinois 60651 in response to the 911 call.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

9. Juan Flores was seated in his vehicle in the street when Officer McCoy and O'Connor arrived.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

10. Juan Flores' keys had been taken from him by someone at the 928 N. Kedvale address, so he did not have keys for his vehicle in his possession when the police arrived.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

11. Officer O'Connor went inside the residence to look for Juan Flores' keys.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

12. Officer McCoy directed and required Juan Flores and other to go with Officer McCoy into the yard to look for Juan Flores' keys.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

13. While looking for the keys, the father of the girlfriend of Juan Flores told Officer McCoy that Juan Flores was drunk. The father of the girlfriend of Juan Flores also told Officer McCory [*sic*] that Juan Flores should not be allowed to drive and that he would report Officer McCoy unless he took action.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

14. McCoy spoke to Juan Flores' father, Benito Flores Delgado on the telephone and Officer McCoy told Benito Flores Delgado that Juan Flores was drunk and that he should not drive.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

15. McCoy admitted that Benito Flores Delgado told McCoy that he was on his way there to get Juan Flores.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

16. Officer McCoy was informed and/or made aware that Plaintiff's decedent was underage for consuming alcohol and was intoxicated by alcohol.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

17. The keys were found and brought to Officer McCoy.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

18. McCoy is told that the car keys were found in Flores' car.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

19. McCoy instructed that the keys be put on the ground.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

20. McCoy could have reasonably retained Juan Flores' car keys to prevent him from driving, but instead McCoy instructed and directed Juan Flores, who McCoy had admittedly been aware that Juan Flores was intoxicated, to pick up the car keys.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

21. McCoy then escorted Juan Flores out to the street and car where McCoy watched while Juan Flores got into the vehicle and drove away with no headlights on in darkness, reasonably believing that Flores was underage and intoxicated.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

22. McCoy allowed and permitted Juan Flores to enter his vehicle, start the vehicle, and pull away in the vehicle even though McCoy was operating under the assumption that Juan Flores was intoxicated and underage.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

23. McCoy could have stopped Juan Flores from leaving until Juan Flores' father, Benito Flores Delgado, arrived so Benito Flores Delgado could drive Juan Flores home.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

24. McCoy could have detained Juan Flores to prevent him from leaving.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

25. McCoy could have arrested Juan Flores to prevent him from leaving.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

26. McCoy and his partner O'Connor, knowing that Juan Flores wanted to go home, was nonviolent, did not have a weapon, was upset, underage and intoxicated, did not notify any other officer over the radio that they had just allowed and permitted an intoxicated, fearful teenager to pick-up his car keys, and drive away with McCoy watching.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

27. McCoy and O'Connor knew that letting Juan Flores drive would be dangerous to himself and the public, and that giving Juan Flores information to dispatch to notify other officers would reduce that danger.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

28. McCoy and O'Connor were caught on audio and video having a discussion between themselves indicating that they should not have escorted Juan Flores to his car and allow Juan Flores to drive off.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

29. Juan Flores deserved McCoy and O'Connor's best skill and attention, which required them to prevent Juan Flores from leaving and drive while intoxicated.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph.

30. Juan Flores deserved McCoy and O'Connor's best skill and attention, which required them to inform other officers about the potential danger Juan Flores posed to himself and the public.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph.

31. Juan Flores deserved McCoy and O'Connor's best skill and attention, but did not receive it.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph.

32. The preceding events discussed in the paragraphs above were willful and wanton and proximately lead to the injury and death of Juan Flores and were caught on audio and video through McCoy's body camera.

**ANSWER:** Officer Oeinck denies the allegations contained in this paragraph.

33. After Flores drove off in his vehicle, Plaintiff's vehicle was seen driving with no headlights by Officers Vitellaro and Jesse Oeinck.

**ANSWER:** Officer Oeinck admits the allegations contained in this paragraph.

34. Officers Vitellaro and Jesse Oeinck could have known that plaintiff was intoxicated, underage, upset, nonviolent and probably heading home if Officers McCoy and O'Connor had put that information over the radio.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

35. If Officers Vitellaro and Jesse Oeinck heard over the radio that Plaintiff was intoxicated, underage, upset, nonviolent and probably heading home they would have likely handled their subsequent interaction differently.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

36. Vitellaro and Oeinck, by not turning on their blue lights and sirens as they followed Plaintiff to his home, never indicated that they were they were [*sic*] police officers or interested in initiating a stop.

**ANSWER:** Officer Oeinck denies the allegations contained in this paragraph.

37. Officers Vitellaro and Oeinck followed Juan Flores into a dead-end lot next to Juan Flores' house.

**ANSWER:** Officer Oeinck admits the allegations contained this paragraph.

38. Vitellaro and Oeinck did not pull all the way behind Juan Flores thereby failing to seal off the only exit from the lot with their vehicle, had they done so Flores would have been unable to exit the lot.

**ANSWER:** Officer Oeinck denies the allegations contained in this paragraph.

39. Vitellaro and Oeinck both step out of the patrol car.

**ANSWER:** Officer Oeinck admits the allegations contained this paragraph.

40. Vitellaro and Oeinck never announce or identified themselves as police officers.

**ANSWER:** Officer Oeinck denies the allegations contained this paragraph.

41. Oeinck was out of the patrol car, standing by his door when he saw the light indicators on Juan Flores car move from brake lights to reverse lights.

**ANSWER:** Officer Oeinck admits the allegations contained this paragraph.

42. Oeinck hesitated as he recognized the potential that Juan Flores could potentially try and reverse.

**ANSWER:** Officer Oeinck denies the allegations contained this paragraph.

43. Without reason, being in full control of his own movements, and of his own free will, Oeinck willfully proceeded to place himself in the path of Juan Flores' moving vehicle.

**ANSWER:** Officer Oeinck denies the allegations contained this paragraph.

44. The only reason that Flores' vehicle was able to contact Oeinck was because Oeinck willfully placed himself in that position.

**ANSWER:** Officer Oeinck denies the allegations contained this paragraph.

45. As Plaintiff backed out of the lot, Officer Oeinck, without justification, shot into the car driven by Juan Flores hitting Juan Flores multiple times, killing him.

**ANSWER:** Officer Oeinck denies the allegations contained this paragraph.

46. Video of the above, including the shooting were also captured on video tape from at least the dash board camera in the car occupied by Officers Vitellaro and Oeinck.

**ANSWER:** Officer Oeinck admits the allegations contained in this paragraph.

47. Juan Flores did not have a gun. Juan Flores' sister witnessed the shooting from her window immediately next door to the vacant lot.

**ANSWER:** Officer Oeinck lacks knowledge or information sufficient to form a belief regarding the allegations contained in this paragraph.

48. Officer Oeinck violated his duty and training by placing himself in the path of a moving vehicle and failing to move out of the path of the moving vehicle before firing at and into the moving vehicle when the moving vehicle was the only purported threat to the officer or others.

**ANSWER:** Officer Oeinck denies the allegations contained this paragraph.

49. The City, through the Chicago Police Department, and COPA, and pursuant to various Chicago Police Department policies and procedures, conducted a purported investigation of the shooting of Juan Flores.

**ANSWER:** Officer Oeinck denies the allegations contained in this paragraph.

## COUNT I
### (42 .S.C. § 1983 – against Officers Vitellaro and Oeinck [*sic*])

Officer Oeinck makes no answer to count I of plaintiff's second amended complaint as the allegations are not directed against him (they are directed against Officers McCoy and O'Connor) See *In re Horizon Group Mgmt., LLC*, 617 B.R. 581, 592 (Bankr. N.D. Ill. 2020) ("The substance of the allegations in a pleading, not the headings or titles, govern the nature of the claim."). In addition, the claims against Officers McCoy and O'Connor have been dismissed.

## COUNT II
### (STATE COMMON LAW)

Officer Oeinck makes no answer to count II of plaintiff's second amended complaint as the allegations are not directed against him (they are directed against Officers McCoy and O'Connor). In addition, count II has been dismissed with prejudice. (ECF No. 97.)

## COUNT III
### (42 U.S.C. § 1983 – Fourth Amendment Excessive Force)

60. Each of the preceding paragraphs in incorporated as if fully restated here.

**ANSWER:** Officer Oeinck restates his answers to the above paragraphs as his answer to this paragraph as if fully restated herein.

61. Defendant Officers Oeinck and Vitellaro had a duty to not exert excessive force on Flores.

**ANSWER:** Officer Oeinck admits the allegations contained this paragraph.

62. As described above, one or more of the defendant Officers Oeinck and Vitellaro subjected decedent Flores to excessive force in violation of the Fourth Amendment to the United States' Constitution.

**ANSWER:** Officer Oeinck denies the allegations contained this paragraph.

63. Defendant Officers' conduct was objectively unreasonable under the totality of the circumstances.

**ANSWER:** Officer Oeinck denies the allegations contained this paragraph.

64. As a result of Defendant Officers' acts or omissions, decedent experienced pain, suffering, the loss of his life, and his estate has incurred medical and funeral expenses.

**ANSWER:** Officer Oeinck denies the allegations contained this paragraph.

## COUNT IV
### (STATE COMMON LAW)

Officer Oeinck makes no answer to count IV of plaintiff's second amended complaint as it has been dismissed with prejudice. (ECF No. 97.)

## COUNT V
### (Wrongful Death)

Officer Oeinck makes no answer to count V of plaintiff's second amended complaint as it has been dismissed with prejudice. (ECF No. 97.)

## COUNT VI
### (Violation of Rights under Illinois against Defendant City)

Officer Oeinck makes no answer to count VI of plaintiff's second amended complaint as the allegations are not directed against him (they are directed against the City). In addition, count VI has been dismissed with prejudice. (ECF No. 97.)

## COUNT VII
### (State Law Indemnification against Defendant City)

Officer Oeinck makes no answer to count VII of plaintiff's second amended complaint as the allegations are not directed against him (they are directed against the City).

## COUNT VIII
### (42 U.S.C. § 1983 – *Monell* Claim against City)

Officer Oeinck makes no answer to count VIII of plaintiff's second amended complaint as the allegations are not directed against him (they are directed against the City).

**AFFIRMATIVE DEFENSES**

1.     Officer Oeinck is a government official, namely a police officer, who performs discretionary functions. At all times material to the events alleged in plaintiffs' second amended complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted

him could have believed his actions were lawful in light of clearly established law and the information that he possessed. Officer Oeinck, therefore, is entitled to qualified immunity as a matter of law.

2. To the extent plaintiff failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by them must be reduced by application of the principle that they had a duty to mitigate damages, commensurate with the degree of failure to mitigate attributed to them by the jury in the case.

3. Officer Oeinck cannot be held liable for plaintiff's 42 U.S.C. § 1983 claims unless he individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. See *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

## JURY DEMAND

Officer Oeinck respectfully demands a trial by jury.

DATED: August 20, 2021　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　Chicago Police Officer JESSE OEINCK

　　　　　　　　　　　　　　　BY:　*/s/ Jordan F. Yurchich*
　　　　　　　　　　　　　　　　　　JORDAN F. YURCHICH
　　　　　　　　　　　　　　　　　　Assistant Corporation Counsel
　　　　　　　　　　　　　　　　　　*Attorney for Officer Oeinck*

Scott A. Cohen, Assistant Corporation Counsel Supervisor
Jordan F. Yurchich, Assistant Corporation Counsel
Nicholas Perrone, Assistant Corporation Counsel
City of Chicago, Department of Law
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
*Attorneys for Officer Oeinck*

## CERTIFICATE OF SERVICE

      I hereby certify that, on **August 20, 2021**, I submitted with the Clerk for the Northern District of Illinois using the Court's electronic filing system or CM/ECF **Officer Oeinck's Answer to Plaintiff's Second Amended Complaint**, and thereby provided a copy of same by service to all attorneys of record at the electronic addresses they provided to the court.

                                                */s/ Jordan F. Yurchich*
                                                JORDAN F. YURCHICH
                                                Assistant Corporation Counsel